## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☒ COMPLAINT   ☐ INFORMATION   ☐ INDICTMENT

☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. §§ 371, 922(a)(1)(A) - Conspiracy to deal firearms without a license;
18 U.S.C. § 2253(a) – Criminal forfeiture

**FILED UNDER SEAL**

PENALTY: See attached penalty sheet.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

---

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

**DEFENDANT - U.S**

▶ GLEN PHASON

DISTRICT COURT NUMBER

4:23-mj-71264-MAG

---

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

Bureau of Alcohol, Tobacco, Firearms and Explosives

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY   ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person Furnishing Information on this form    ISMAIL J. RAMSEY

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    BENJAMIN K. KLEINMAN  AUSA

---

**DEFENDANT**

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release fr

**FILED**

Aug 22 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges
} ☐ Federal   ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes   } If "Yes"
been filed?  ☐ No      give date filed

**DATE OF ARREST** ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶    Month/Day/Year

---

☐ This report amends AO 257 previously submitted

---

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time:                    Before Judge:

Comments:

**PENALTY SHEET ATTACHMENT**
**RE: GLEN PHASON**


**Count One:    18 U.S.C. §§ 371, 922(a)(1)(A) (Conspiracy to deal firearms without a license)**

Dealing firearms without a license

Penalties:      Maximum 10 years' imprisonment
                Maximum $250,000 fine
                Maximum 3 years' supervised release
                $100 special assessment
                Forfeiture


Conspiracy

Penalties:      Maximum 5 years' imprisonment
                Maximum $250,000 fine
                Maximum 3 years' supervised release
                $100 special assessment
                Forfeiture

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☒ COMPLAINT  ☐ INFORMATION  ☐ INDICTMENT

☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

### OFFENSE CHARGED

18 U.S.C. § 922(a)(1)(A) - Dealing firearms
without a license;
18 U.S.C. § 2253(a) – Criminal forfeiture

**FILED UNDER SEAL**

☐ Petty

☐ Minor

☐ Misde-
meanor

☒ Felony

PENALTY: See the attached penalty sheet.

### DEFENDANT - U.S

▸ DUNG DINH

DISTRICT COURT NUMBER

4:23-mj-71264-MAG

### DEFENDANT

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Bureau of Alcohol, Tobacco, Firearms and Explosives

☐ person is awaiting trial in another Federal or State Court,
give name of court

_____

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE }

SHOW
DOCKET NO.

_____

☐ this prosecution relates to a
pending case involving this same
defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under }

_____

Name and Office of Person
Furnishing Information on this form _____ ISMAIL J. RAMSEY _____

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned) _____ BENJAMIN K. KLEINMAN  AUSA _____

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior
    summons was served on above charges ▸ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from

**FILED**

Aug 22 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction }

6) ☐ Awaiting trial on other charges

☐ Federal ☐ State

If answer to (6) is "Yes", show name of institution

_____

Has detainer  ☐ Yes
been filed?  ☐ No }

If "Yes"
give date
filed

_____

**DATE OF
ARREST**

Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY**

Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT

Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time: _____  Before Judge: _____

Comments:

**PENALTY SHEET ATTACHMENT**
**RE: DUNG DINH**

**Count Two:    18 U.S.C. § 922(a)(1)(A) (Dealing firearms without a license)**

Penalties:      Maximum 10 years' imprisonment
                Maximum $250,000 fine
                Maximum 3 years' supervised release
                $100 special assessment
                Forfeiture

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☒ COMPLAINT   ☐ INFORMATION   ☐ INDICTMENT
☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

### OFFENSE CHARGED

18 U.S.C. §§ 371, 922(a)(1)(A) - Conspiracy
to deal firearms without a license;
18 U.S.C. § 2253(a) – Criminal forfeiture

**FILED UNDER SEAL**

PENALTY: See attached penalty sheet.

☐ Petty
☐ Minor
☐ Misde-
   meanor
☒ Felony

—— DEFENDANT - U.S ——

▶ GEORGE ABSTON

DISTRICT COURT NUMBER

4:23-mj-71264-MAG

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Bureau of Alcohol, Tobacco, Firearms and Explosives

☐ person is awaiting trial in another Federal or State Court,
   give name of court

☐ this person/proceeding is transferred from another district
   per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on motion
   of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE

   SHOW
   DOCKET NO.

☐ this prosecution relates to a
   pending case involving this same
   defendant

   MAGISTRATE
   CASE NO.

☐ prior proceedings or appearance(s)
   before U.S. Magistrate regarding this
   defendant were recorded under

Name and Office of Person
Furnishing Information on this form    ISMAIL J. RAMSEY

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    BENJAMIN K. KLEINMAN  AUSA

—— DEFENDANT ——

**IS NOT IN CUSTODY**
   Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior
      summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release fr

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
      If answer to (6) is "Yes", show name of institution

**FILED**

Aug 22 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

☐ Federal   ☐ State

Has detainer   ☐ Yes    If "Yes"
been filed?    ☐ No     give date
                        filed

**DATE OF
ARREST**                Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY**       Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment*

Date/Time:                    Before Judge:

Comments:

**PENALTY SHEET ATTACHMENT**
**RE: GEORGE ABSTON**

**Count One:   18 U.S.C. §§ 371, 922(a)(1)(A) (Conspiracy to deal firearms without a license)**

Dealing firearms without a license

Penalties:      Maximum 10 years' imprisonment
                Maximum $250,000 fine
                Maximum 3 years' supervised release
                $100 special assessment
                Forfeiture

Conspiracy

Penalties:      Maximum 5 years' imprisonment
                Maximum $250,000 fine
                Maximum 3 years' supervised release
                $100 special assessment
                Forfeiture

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Northern District of California  ▢ ▾

<table>
<tr><td>United States of America<br>v.<br><br>GLEN PHASON, DUNG DINH, GEORGE ABSTON,<br>AND AARON HARRISON,<br><br><br>_____<br><em>Defendant(s)</em></td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No.<br>     4:23-mj-71264-MAG</td></tr>
</table>

**FILED**

Aug 22 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT   <span style="color:red">**FILED UNDER SEAL**</span>

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  Dec 22, 2022 through Aug 21, 2023  in the county of  Alameda  in the

Northern  District of  California  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 371, 922(a)(1)(A) | Conspiracy to deal firearms without a license |
| 18 U.S.C. § 922(a)(1)(A) | Dealing firearms without a license |

This criminal complaint is based on these facts:

See attached affidavit of ATF Special Agent Nathan Sanchez

☑ Continued on the attached sheet.

Approved as to form */s/ Benjamin K. Kleinman*
*AUSA BENJAMIN K. KLEINMAN*

Attested to by the applicant in accordance with the
requirements of Fed. R. Crim. P. 4.1 by Phone.

/s/ Nathan Sanchez
_____
*Complainant's signature*

Nathan Sanchez, ATF Special Agent
_____
*Printed name and title*

Date:  Aug. 22, 2023

City and state:  Oakland, CA

_____
*Judge's signature*

HON. DONNA M. RYU, Chief Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Nathan Sanchez, a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), being duly sworn, hereby declare as follows:

### INTRODUCTION

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been so employed since September 2012.  I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). I am a graduate of the Federal Law Enforcement Training Center Criminal Investigator Training Program and the ATF National Academy Special Agent Basic Training Course.  My duties include the investigation of criminal violations of federal firearms, explosives, and arson laws, as well as those involving violent crime.

2.      As an ATF Special Agent, I have conducted and participated in both state and Federal investigations involving the trafficking of firearms and distribution of controlled substances.  I have investigated and assisted in the prosecution of criminal street gangs engaged in illegal narcotics and firearms trafficking.  During these investigations, I have used various types of investigative techniques, including electronic surveillance; undercover agents and informants; and controlled purchases of firearms and narcotics from suspects.  I have participated in physical surveillance operations and have participated in the execution of state and federal arrest warrants and search warrants.  In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, pen registers and trap and trace devices, phone cell-site data, precision phone location data, utility records, and telephone toll and subscriber records.

## PURPOSE OF THIS AFFIDAVIT

3.      The purpose of this affidavit is to obtain a criminal complaint and arrest warrant for Dung DINH, Glen PHASON, George ABSTON, and Aaron HARRISON (referred to herein collectively as, the "defendants").

4.      To that end, this affidavit seeks to establish probable cause to believe that defendants have, in the Northern District of California and elsewhere, engaged in conduct that constitutes a violation of the following criminal laws:

   a.   Under 18 U.S.C. § 371, it is unlawful for two or more persons to conspire either to commit any offense against the United States, and one or more of such persons do any act to affect the object of the conspiracy.  The elements of this violation are as follows: (1) an agreement between two or more persons to commit at least one of the charged crimes; (2) the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it and; (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

   b.   Under 18 U.S.C. § 922(a)(1)(A), it is unlawful for anyone who is not a licensed dealer to engage in the business of dealing in firearms.  The elements of this violation are as follows: (1) the defendant willfully engaged in a business of dealing in, importing, or manufacturing firearms within the dates specified; and (2) the defendant did not then have a license as a firearms dealer, importer, or manufacturer.[1]

---

[1] A defendant must be engaged in a greater degree of activity than the occasional sale of a hobbyist or collector, and the defendant must devote time, attention, and labor to selling firearms as a trade or business with the intent of making profits through the repeated purchase and sale of firearms.

## STATEMENT OF PROBABLE CAUSE

### Background of Investigation

5.      ATF and the Oakland Police Department ("OPD") are investigating the firearms trafficking activities of Dung DINH, Glen PHASON, Aaron HARRISON, and George ABSTON.

6.      Beginning on or about December 22, 2022, an ATF confidential informant[2] (hereinafter referred to as "the CI") informed agents and officers about an individual engaged in firearms trafficking, who the CI knew as "David."  This individual was later identified as DINH. The following is a summary of how DINH was identified.

7.      On or about December 23, 2022, the CI provided a screenshot of DINH's Instagram account ("its_cloudyy_af").

8.      The CI provided the following address for DINH: bottom unit of 1138 12th Avenue, Oakland, CA. An ATF Intelligence Research Specialist (IRS) conducted a commercial query for this address and found an individual named Dung DINH associated with the address. DINH matched the age range that the CI had previously provided for "David." As described

---

[2] The ATF CI is an individual working for the ATF. The ATF CI is working for consideration for his/her federal case involving violations of federal firearms laws. The information provided to the ATF by the ATF CI has, to date, been found to be credible and much of it has been corroborated through contemporaneous recordings, as well as other methods. Aside from the ATF CI's previous federal arrest, the ATF CI does not have any other prior arrests or convictions. The ATF CI has admitted to purchasing firearms from and selling firearms to DINH prior to January 2023.

below, ATF and the CI have since conducted multiple undercover operations, which were recorded via video surveillance, in which DINH sold the CI firearms.[3]

9.      Regarding the identification of PHASON, I later showed a California DMV photograph of PHASON to the CI and a second confidential informant (hereinafter, "CI 2").[4] Both CIs identified PHASON as the person who sold them firearms on July 11, and 12, 2023.

10.      To date, the above-mentioned individuals have sold firearms to ATF CIs on or about the following dates: February 10, 2023 (two firearms from DINH), February 14, 2023 (one firearm from DINH), February 28, 2023 (one firearm from DINH, two firearms from INDIVIDUAL-1 and PHASON), March 24, 2023 (two firearms and a machinegun conversion device from DINH), July 11, 2023 (two firearms from PHASON), July 12, 2023 (two firearms

---

[3] I compared the video surveillance of DINH from the undercover transactions to a DMV photograph of Dung DINH and confirmed that this was the same person.  I also showed the CI the DMV photograph of DINH, and the CI stated that he believed the person in the DMV photograph to be "David."

[4] ATF CI 2 is an individual who is working for the ATF. The information provided to the ATF by the ATF CI has, to date, been found to be credible and much of it has been corroborated through contemporaneous recordings, as well as other methods. The ATF CI has received pecuniary payments for his/her assistance. The ATF CI has prior arrests for receiving stolen property, robbery, false identification to peace officer, obstruct/resist officer, transport/ sell narcotics, carry concealed weapon on person, carry loaded firearm public place, vehicle theft, possess/purchase cocaine base for sale, assault with deadly weapon, false imprisonment, burglary, trespass, possess controlled substance, evade peace officer, hit and run: property damage, assault with firearm, felon possess firearm, threaten with intent to terrorize, inflict corporal injury on spouse, prevent/dissuade witness/etc. reporting, making annoying telephone call, appropriate lost property, local ordinance violation, get credit/etc. use other, vandalism, conspiracy: obstruct justice, possess/mfg/sell dangerous weapon, loiter public place, conspiracy: commit crime, forgery, false checks, theft by use of access card data, grand theft, contempt of court, petty theft, probation violation, drive while license suspended, fail obey traffic lane sign, fail to appear: written promise, battery: spouse, speeding, influence testimony by bribe, etc. The ATF CI also has prior felony or misdemeanor convictions for the following: carry concealed weapon on person, vehicle theft, trespass, possess controlled substance, possess controlled substance for sale, hit and run: property damage, evade pace officer, felon possess firearm, inflict corporal injury spouse, possess/purchase cocaine base for sale, petty theft, burglary, drive while license suspended, obstruct public officer, etc.

from PHASON) and August 10, 2023 (two firearms from DINH). The undercover transactions were audio/video recorded and pre-recorded ATF funds were used to purchase the evidence. During the operations, the CIs were searched before and after the operations and no contraband or excess currency was found.

11.     During this investigation, ATF and the CIs have recorded/documented various communications and Instagram posts in relation to DINH and PHASON. Additionally, I have reviewed evidence I obtained from a search warrant for Instagram accounts belonging to DINH ("its_cloudy_af") and PHASON ("nosahp")—signed by Magistrate Judge Kandis Westmore, 4:13-mj-70790-KAW.  Further, after being contacted by ATF agents, ABSTON and HARRISON consented to a search of their cellular phones.  Some of the information from these sources is included in this affidavit.

**Straw Purchasing of Firearms in Texas**

12.     A review of ATF National Tracing Center (NTC)[5] data, and information obtained during the investigation generally, shows that ABSTON and HARRISON collectively purchased approximately 50 firearms from about January 19, 2023, to April 16, 2023.  ABSTON has engaged in sixteen (16) instances in which he purchased multiple firearms at the same time or within a short time period,[6] between February 13, 2023, and April 16, 2023. ABSTON has

---

[5] When a firearm is recovered by local, state, or federal law enforcement officers, such law enforcement entities will often conduct a trace of the recovered firearms.  Among other things, the trace may provide information as to who is the last known person to have purchased the recovered firearm.  Firearms tracing through ATF eTrace is the systematic tracking of a recovered firearm from its manufacturer or importer and subsequent introduction into the distribution chain (wholesaler/retailer) to the last known registered purchaser of the firearm and ultimately to the source of the recovered firearm, which is often a person who cannot lawfully possess firearms.

[6] These are referred to by ATF as "multiple sales" of firearms. The disposition of two or more pistols or revolvers to any non-licensee during a period of 5 consecutive business days must be reported on ATF Form 3310.4, Report of Multiple Sale or Other Disposition of Pistols and Revolvers, not later than the close of the business day on the day

purchased a total of approximately 41 Glock firearms.  Based on my training and experience, the number of multiple sales and firearms purchased during the above-referenced time period, as well as the fact that many of the firearms were the same make, model, and/or caliber is indicative of straw purchasing and firearms trafficking.

13.     HARRISON has engaged in four instances in which he purchased firearms in multiple sales of firearms and a single purchase between January 19, 2023, and April 6, 2023, amounting to a total of approximately nine firearms. All the firearms purchased by HARRISON were Glock firearms; further, four of the firearms purchased were all the same exact make, model, and caliber—Glock 23 Gen 5, caliber: .40. The purchasing of multiple firearms of the same make, model, and caliber is consistent with straw purchasing.

14.     As of August 11, 2023, six of the firearms purchased by ABSTON and two of the firearms purchased by HARRISON have been recovered following crimes in the Bay Area, including a homicide in San Francisco that left one person dead and four others injured. Furthermore, two of these firearms were purchased from INDIVIDUAL-1 and PHASON during an ATF operation on February 28, 2023.

15.     On or about April 18, 2023, ATF agents in Dallas, Texas, were monitoring live cellular phone location information for ABSTON and HARRISON pursuant to a federal search warrant.

---

of disposition of the second pistol or revolver. The licensee must forward a copy of the Form 3310.4 to the ATF office specified thereon, and another copy must be forwarded to the state police or local law enforcement agency where the sale occurred. A copy of the Form 3310.4 must also be attached to the ATF Form 4473 executed upon delivery of the pistols or revolvers.

16.     Location information indicated that ABSTON and HARRISON were likely together near an Academy Sports in Fort Worth, Texas. An ATF agent contacted the Academy Sports and learned that HARRISON was attempting to purchase a firearm; later, agents learned ABSTON was also attempting to purchase a firearm. The agent asked for the sale of the firearm to be delayed so that agents could attempt to interview ABSTON and HARRISON. Agents arrived at the store and observed ABSTON and HARRISON at the store's firearm counter.

17.     ATF agents approached ABSTON and HARRISON and conducted consensual interviews. During ABSTON's interview, an agent stated that they were aware that ABSTON and HARRISON had purchased approximately 49 firearms since January (2023). The agent asked where the firearms were. ABSTON stated they had given them to an individual they referred to as "True" and stated that "True's" real name was Glen PHASON. ABSTON also explained that PHASON was waiting for ABSTON and HARRISON to purchase the firearms that day. ABSTON stated he had not been in contact with PHASON, and instead, HARRISON had been coordinating. ABSTON stated PHASON would give them $150 per firearm that they purchased.

18.     On or about April 21, 2023, agents met with HARRISON and ABSTON again. During the conversation, HARRISON stated that ABSTON had been informed by PHASON that PHASON would be selling the firearms they provided to him. ABSTON and HARRISON also stated PHASON would give them between $100 and $150 per firearm that they purchased. Further, ABSTON and HARRISON would receive money from PHASON and PHASON's associates through CashApp.

19.     I later received CashApp records which corroborated this information. A review of the records showed an account associated with PHASON, along with several other accounts,

7

made numerous payments to accounts associated with ABSTON and HARRISON around when ABSTON and HARRISON purchased firearms in Texas.

**Transaction with DINH, INDIVIDUAL-1, and PHASON on 02/28/23**

20.     On February 18, 2023, DINH sent an Instagram message to PHASON asking if he had a "pic?" and stating "Los sent me." Later, PHASON responded sending videos depicting five Glock firearms which were contained in Glock-style firearm boxes.  DINH asked if PHASON was "free around 12-1?"  PHASON responded, "I'm in Texas, my brother hold 'em for me but yeah he should be able to."  DINH responded, "It's good" and "Brother lock me in I'll get aftr my cut."  PHASON responded, "It's gud, we locked in."  DINH and PHASON continued to discuss arranging a firearms transaction until February 24, 2023.  On February 24, 2023, DINH provided PHASON with an address to meet.  PHASON explained he would forward the location to his associate.  Based on the context of the conversation, I believe PHASON indicated that his associate would be conducting the firearms transaction for him.

21.     Leading up to the transaction on February 28, 2023, the CI communicated with DINH via Instagram about purchasing firearms. DINH informed the CI that he had an AR-style firearm for sale for "12" ($1,200). Additionally, DINH sent Instagram images of what appeared to be three commercially manufactured Glock firearms. Regarding the Glock firearms, DINH explained that the firearms cost "13" ($1,300) each, and the firearms were from his "boi in Texas" (believed to be referring to PHASON). DINH explained this person sent the firearms "here" for DINH to sell but he was not in possession of the firearms as his "boi brother" (believed to be referring to INDIVIDUAL-1) had them. The CI and DINH arranged to meet on February 28, 2023, for the CI to purchase the Glock firearms. Later, DINH explained that the

8

Glock firearm source sold the 19X (Glock) but still had the (Glock) 23 Gen 5 and (Glock) 30. The CI agreed to purchase both firearms.

22.     On or about February 28, 2023, the CI met with DINH in front of DINH's residence in Oakland, CA to purchase the AR-style firearm, the Glock 23 Gen 5, and the Glock 30. At this meeting, DINH sold an AR-style firearm to the CI for $1,200, but not the other weapons. However, following this transaction, DINH began arranging for the Glock 23 Gen 5 and Glock 30 to be delivered to his residence for sale to the CI.

23.     During this time, DINH appeared to be messaging on his cellular phone. DINH then started to look around outside and appeared to be looking for someone. DINH explained that he had done business with the Glock firearm source in the past. DINH further explained that when the source arrived, he would provide the source with the money and then return with the firearms for the CI. The CI requested to go with DINH to meet the firearm source, and DINH agreed.

24.     While waiting for the source, DINH showed the source's Instagram account to the CI. The CI observed the Instagram account "nosahp" (later identified as an account operated by PHASON).

25.     Later, DINH explained that the firearm source was supposed to be arriving in a black Mercedes-Benz. The CI and DINH continued to wait for the firearm source. During this time, DINH clarified that the firearm source was not bringing the firearms but instead someone else was. DINH explained the firearm source was in Texas, and the firearm source was the person who was getting all the "poles" and shipping them over here. Based on my training and experience, I know the term "poles" to be street vernacular for firearms. DINH explained he does not know how the firearm source is shipping the firearms. Regarding the transaction for the two

9

Glock firearms, DINH explained he was able to get the price lowered by $100. The CI understood this to mean he/she would pay $100 less than the previously agreed upon price of both firearms.

26.     After a period of time, INDIVIDUAL-1 arrived near the meeting location. INDIVIDUAL-1 was driving a black Mercedes-Benz S550 bearing California plate MOSSMSW. Further, an ATF agent observed that INDIVIDUAL-1 was the sole occupant of this vehicle. The CI and DINH met with INDIVIDUAL-1 inside of the Mercedes-Benz.

27.     Upon entering the vehicle, the CI observed INDIVIDUAL-1 to be on a cellular phone call which was on speakerphone. The CI asked if INDIVIDUAL-1 and the person on the call (later identified as PHASON) were obtaining firearms a lot. PHASON told INDIVIDUAL-1 to put the CI on the phone. INDIVIDUAL-1 handed his cell phone to the CI. The CI asked about buying firearms consistently and stated he/she could sell them quickly. PHASON explained he could send firearms to the CI "every day." The CI asked how many firearms PHASON could obtain, and PHASON stated he could obtain however many the CI wanted. The CI asked to pay a "band" ($1,000) each for future firearms. PHASON explained if the CI wanted to pay a "band" the "bread" (money) needed to be sent to him before he sent the firearms. PHASON set the price of $1,200 per future firearm. The CI asked to pay $1,150 for each future firearm. PHASON explained he needed to pay his "boy" (believed to be referring to INDIVIDUAL-1) so the price needed to be $1,200 each. Subsequently, on or about April 13, 2023, during a recorded cellular phone call from the CI to PHASON's cell phone, PHASON admitted that he was the person on the above-referenced phone call. During the transaction, the CI ultimately paid INDIVIDUAL-1 $2,600 for both firearms.

28.     Later, I conducted a query of the two purchased Glock firearms in the ATF
National Tracing Center. I found that the Glock 30 firearm was purchased by ABSTON in Fort
Worth, Texas, just two days prior to the transaction on February 28, 2023. Additionally, I found
the Glock 23 firearm was purchased by ABSTON in Saginaw, Texas on February 24, 2023, just
four days prior to the transaction on February 28, 2023. Due to the short time between the
purchase of the firearms and their subsequent recovery following crimes in the Bay Area, and
that ABSTON admitted to ATF agents that he purchased firearms for PHASON, there is
probable cause to believe ABSTON straw-purchased these firearms for PHASON.

29.     Further, based on my training and experience, I know the state of Texas is a
source state of illegally trafficked firearms for the state of California. It is not uncommon for
firearms recovered in relation to crimes in California to have been previously purchased in
Texas. I know that individuals involved in firearms trafficking/straw purchasing will often travel
to obtain firearms from states with less restrictive firearm laws.

30.     During the month of April 2023, an ATF IRS and I reviewed the Instagram
account page for "nosahp" and noted the name "Glen Phason" was listed on the account page.

31.     An ATF IRS conducted a commercial query for the name "Glen Phason" and the
State of California. The IRS found a possible match for this person and obtained a California
DMV photograph for PHASON (DOB: 11/27/2000) and provided it to me. I have reviewed
photos from the Instagram account "nosahp." I compared the California DMV photograph of
PHASON to images of a male from the "nosahp" account, and the images from the Instagram
account appear to be PHASON. Further, I have received Instagram subscriber information for
"nosahp", and user of the account is listed as "Glen Phason." Therefore, based on the subscriber

information and image comparison, there is probable cause to believe PHASON is the owner of the Instagram account "nosahp" which he is utilizing to sell firearms.

## **PHASON's Instagram Account (nosahp) and Firearms Trafficking Activity**

32.     On or about March 4, 2023, PHASON sent an Instagram message to the CI asking, "Anybody need poles?" (firearms). The CI responded he/she would let PHASON know.

33.     Continuing throughout the month of March 2023 until April 13, 2023, PHASON exchanged Instagram messages with the CI informing him/her of various Glock firearms for sale and their prices. Ultimately, no transaction occurred for the firearms. In the messages, PHASON indicated he was selling the firearms to other individuals as well. Additionally, PHASON indicated firearms were being shipped through the US Postal Service from Texas to Oakland, CA. On or about April 17, 2023, PHASON sent an Instagram message to the CI stating he had a Glock 27 Gen 5 "touching down." I believe PHASON meant that he had a Glock firearm arriving somewhere in the San Francisco Bay Area. PHASON stated the firearm was ready to be picked up if the CI wanted it. The CI explained he/she would let PHASON know when he/she could pick it up.

34.     On or about April 18, 2023, PHASON sent an Instagram message to the CI asking if he/she knew anybody who needed "anything." I believe PHASON was asking if anybody needed firearms.

35.     On May 7, 2023, DINH sent the following Instagram message to PHASON: "Yo bro so wsp wit em 🐚? If u not gon sent it jus gimme the 350 back bruhh u been lagging my g." Based on my training and experience, I know that the shell emoji can be a way to describe ammunition.  Therefore, I believe DINH stated that he had fronted money to PHASON for ammunition, but PHASON had not come through.

12

36.     On or about May 15 and May 17, 2023, the CI sent an Instagram message to PHASON to ask if PHASON had firearms available.

37.     On or about May 19, 2023, PHASON sent an Instagram message to the CI and asked for the CI to text him and provided his phone number: 682-699-6531.

### Continuation of PHASON and DINH's Firearm Trafficking Conduct

38.     In May and June 2023, the CI and PHASON continued to exchange Instagram messages regarding the purchase of firearms.

39.     On or about July 10-11, 2023, the CI and PHASON conversed through Instagram messaging. PHASON informed the CI of multiple firearms for sale. PHASON agreed to sell two Glock firearms to the CI. The transaction was ultimately arranged for July 11, 2023.

40.     On or about July 11, 2023, the CI, accompanied by CI 2, met with PHASON near the apartment complex at 1475 E 22nd Street, Oakland, CA. Leading up to the transaction, PHASON requested the CIs meet him at this location.

41.     During the transaction on July 11, 2023, the CIs purchased two firearms from PHASON: a Glock firearm for $1,000 and a Taurus firearm for $600.

42.     On or about July 12, 2023, PHASON informed the CI through Instagram that the CI and CI 2 could obtain the firearms which were due to arrive that same day. Later that day, CI 2 met with PHASON near PHASON's apartment. PHASON sold two Glock firearms to CI 2 for $2,200.

43.     On or about August 10, 2023, DINH met with the CI and CI 2 in Oakland, CA and sold them two firearms: a rifle for $1,600 and a Glock 48 for $1,400.

### PHASON's Telephone Communications with ABSTON and HARRISON

44.     I have reviewed text messages between PHASON and ABSTON and HARRISON. In these messages, PHASON requested specific firearms from ABSTON and HARRISON and arranged to make payments to them through CashApp.  PHASON used the following phone numbers to communicate with ABSTON and HARRISON: 682-348-3982 and 510-927-8803. During an interview, ABSTON admitted to ATF that the phone number 682-348-3982 belonged to PHASON and an associate of PHASON.[7]  Further, PHASON used phone number 510-927-8803 to communicate with the CI during this investigation. I also obtained T-Mobile records for this phone number during the month of April 2023. The records show this phone number is subscribed to "Glen Phason."

45.     The text messages show that PHASON requested specific firearms from ABSTON and HARRISON on numerous occasions and arranged to make payments to them through CashApp and Apple Pay.  For example, on February 14, 2023, PHASON sent ABSTON a text message stating, "He ready, they open at 10 ima pick you up[.]" During the conversation, ABSTON asked PHASON "But aye bro could u do more on these 3 guns today at least 125 each[.]" PHASON replied, "My bro getting em, I'll ask him but ion think he gone do that, 100 for each already the high, we got females that grab em for free or least 50[.]"   Based on my training and experience, I believe PHASON was conveying that the compensation to ABSTON for straw purchasing the firearms needed to remain at $100. Additionally, PHASON stated he only pays women $50 (or pays them nothing) for them to straw purchase firearms from him.

---

[7] I also obtained Google subscriber information for this phone number which showed it was subscribed to "Isaiah Harris."

46.     According to ATF multiple sales reports, on February 14, 2023, ABSTON purchased a Glock 23 and Glock 22 from NTX Lead Heads.  On February 14, 2023, a CashApp account associated to PHASON paid ABSTON's CashApp account $1,250.

47.     Like ABSTON, PHASON also exchanged similar text messages regarding the purchase of firearms with HARRISON. For example, on March 11, 2023, HARRISON sent PHASON text messages regarding different types of available firearms, stating, "They got g 45s." HARRISON also listed a Glock 19, 43X, and two Glock 17 Gen 5 firearms. PHASON directed HARRISON to check his DMs, stating "Nah just the ones I had sent in the dm[.]" PHASON asked HARRISON if he had "got it" and asked if he had CashApp. HARRISON sent his CashApp, and stated, "I got it[.]  I had to verify info."  Later that same day, PHASON texted HARRISON, "My girl finna send me bread in a lil, and I'ma send it right to you[.]" HARRISON replied, "That's a bet my guy I trust ya I'm just asking[.]"  ATF multiple sales records show on March 11, 2023, HARRISON purchased a Glock 26 and Glock 19 firearm from a Range USA in Texas.  44 days later, the Glock 26 was recovered following a crime in Oakland, CA.  On March 12, 2023, PHASON informed HARRISON that he was going to pay him with Apple Pay, and HARRISON later confirmed that he received the payment.

**Seizure of USPS Parcel**

48.     From July 13-19, 2023, PHASON told CI 2 that he had additional firearms for sale, and he was currently in Texas. PHASON agreed to sell three firearms to CI 2 on July 20, 2023. During a phone call, PHASON explained the three firearms were a Glock 23, a Glock 27, and a Glock 22.

49.     On July 19, 2023, a US Postal Inspector took custody of a Priority Mail Express Parcel from the Civic Center Post Office in Oakland, CA, which was mailed from Texas to 1475

E 22nd Street, Apt 1, Oakland, CA. The listed sender of the parcel was "Amir Hurts 3526 TimberlaKe Dr Dallas TX 75209" and the recipient was listed as "Darren Richard 1475 east 22nd St Apt 1 OaKland CA 94606." The Inspector later obtained a search warrant for the parcel. A search of the parcel revealed a Glock 23, a Glock 27, and a Glock 22. I am informed by a US Postal Inspector that a person named "Amir" later called USPS in relation to the parcel and asked for a refund. USPS received an additional call from a person inquiring about the parcel. This person provided the following contact information to USPS: the name "Jakori Williams" and the phone number 682-699-6531. This is the recent phone number PHASON has been using to communicate with the ATF CIs.

### Review of the ATF Federal Firearms Licensing System

50.     An ATF Intel Research Specialist (IRS) has queried the ATF Federal Licensing System to determine if DINH, INDIVIDUAL-1, PHASON, HARRISON or ABSTON have an FFL (Federal Firearms License).  The IRS found no results, indicating DINH, INDIVIDUAL-1, PHASON, HARRISON, and ABSTON do not possess an FFL and therefore cannot manufacture for sale or deal in firearms and/or NFA firearms as defined in 26 U.S.C. § 5845.

### CONCLUSION

51.     Based on the undercover investigation and straw purchasing investigation into the defendants, I submit that there is probable cause to believe DINH has been involved in violations of federal firearm laws since at least December 22, 2022, and that PHASON, HARRISON and ABSTON have been involved in violations of federal firearms laws since at least January 19, 2023—the first known day in which HARRISON conducted a multiple sale of firearms. I believe DINH's conduct has continued to at least August 10, 2023 (when DINH last sold firearms to ATF CIs) and PHASON's conduct has continued through the present. Based on the totality of the

16

investigation, I believe the defendants have, in the Northern District of California and elsewhere, agreed and conspired with each other to deal firearms without a license, in violation of 18 U.S.C. §§ 371 and 922(a)(1)(A).

52.     Accordingly, based upon the foregoing, I respectfully request that the Court sign the requested criminal complaint and issue the requested arrest warrants.

## REQUEST TO SEAL

53.     The materials now before the Court—namely, this Affidavit and the accompanying and application for a search warrant—reveal sensitive details of an ongoing criminal investigation.  Accordingly, in order to protect the integrity of that investigation, to guard against the flight of fugitives, and to better ensure the safety of agents and the public, I request that those materials—together with any search warrants that issue thereon—be sealed until further order of the Court, with the qualification that law enforcement agencies be authorized to share these materials as necessary to execute any warrants.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief.

 /s/ Nathan Sanchez
**Nathan Sanchez**
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives


Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this __22nd__ day of August 2023.  This application and warrant are to be filed under seal.

**HONORABLE DONNA M. RYU**
Chief Magistrate Judge

17

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☒ COMPLAINT  ☐ INFORMATION  ☐ INDICTMENT

☐ SUPERSEDING

### OFFENSE CHARGED

18 U.S.C. §§ 371, 922(a)(1)(A) - Conspiracy to deal firearms without a license;
18 U.S.C. § 2253(a) – Criminal forfeiture

**FILED UNDER SEAL**

PENALTY: See the attached penalty sheet

☐ Petty
☐ Minor
☐ Misde-
  meanor
☒ Felony

---

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

### DEFENDANT - U.S

▶ AARON HARRISON

DISTRICT COURT NUMBER

4:23-mj-71264-MAG

---

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Bureau of Alcohol, Tobacco, Firearms and Explosives

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

  ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO. }

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO. }

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

}

Name and Office of Person Furnishing Information on this form  ISMAIL J. RAMSEY

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  BENJAMIN K. KLEINMAN  AUSA

---

### DEFENDANT

**IS NOT IN CUSTODY**

1) ☒ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from

**FILED**

Aug 22 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

} ☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

_____

Has detainer been filed?  ☐ Yes  ☐ No

} If "Yes" give date filed

**DATE OF ARREST** ▶

Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶

Month/Day/Year

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT  Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time: _____  Before Judge: _____

Comments:

**PENALTY SHEET ATTACHMENT**
**RE: AARON HARRISON**


**Count One:   18 U.S.C. §§ 371, 922(a)(1)(A) (Conspiracy to deal firearms without a license)**

Dealing firearms without a license

Penalties:      Maximum 10 years' imprisonment
                Maximum $250,000 fine
                Maximum 3 years' supervised release
                $100 special assessment
                Forfeiture

Conspiracy

Penalties:      Maximum 5 years' imprisonment
                Maximum $250,000 fine
                Maximum 3 years' supervised release
                $100 special assessment
                Forfeiture